UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREG DU JARDINE,

    Plaintiff,

                                            Case No. 1:07-cv-701

v

                                            Hon. Wendell A. Miles

MICHIGAN DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/

**<u>ORDER</u>**

      Greg DuJardine, a Michigan prisoner currently confined at the Muskegon Correctional Facility ("MSP"), filed a complaint in this case asserting a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*. DuJardine, who describes himself as a "Torah-Observant Jewish male," alleges that the Michigan Department of Corrections ("MDOC" or "the department") has refused to allow him to participate in the department's kosher meal program. On August 4, 2008, United States Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation ("R & R") recommending that the court grant a motion by the MDOC for summary judgment. DuJardine has filed an objection to the R & R.

**Discussion**

As the Magistrate Judge correctly observed in footnote three of his R & R, because the only relief plaintiff has requested in his complaint is participation in the MDOC's kosher meal program, this action could be rendered moot if DuJardine successfully re-applied to participate in the program after February 5, 2008.[1] As the Magistrate Judge also correctly observed, neither party has advised the court on whether DuJardine has re-applied for the program since that date. DuJardine has asserted no other claims in this action apart from his single claim under the RLUIPA.

Before addressing the merits of the Magistrate Judge's recommendation to grant the MDOC's motion for summary judgment, the court must first consider *sua sponte* the jurisdictional question of whether DuJardine's ability to reapply to participate in the kosher meal program after February 5, 2008 renders this case moot. Federal courts' lack of jurisdiction to review moot cases derives from Article III of the United States Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy. Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964). "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions[.]'" North Carolina v. Rice, 404 U.S. 244, 246 (1971) (citation omitted). Because mootness is a jurisdictional question, a federal court may raise the issue on its own motion. Berger v. Cuyahoga County Bar Ass'n, 983

---

[1] Exhibits submitted by the MDOC in support of its motion for summary judgment appear to indicate that the sole reason given for the July 10, 2007 denial of plaintiff's most recent request to participate in the kosher meal program was that department policy required a prisoner to wait one year before reapplying after a denial. Plaintiff's previous request had been denied on February 5, 2007. Exhibits submitted by the MDOC indicate that MSP, where plaintiff currently resides, is a facility which offers the department's kosher meal program.

F.2d 718, 721 (6th Cir. 1993).

A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.  United States Parole Commission v. Geraghty, 445 U.S. 388, 396 (1980).   Because the case-or-controversy requirement subsists through all stages of federal judicial proceedings, parties must continue to have a personal stake in the outcome of the lawsuit.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  Id. (citations omitted).

It is not apparent, based upon the record currently before the court, that this case continues to present a live controversy, insofar as it appears that plaintiff is eligible for consideration of a renewed application to participate in the MDOC's kosher meal program.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff DuJardine shall, **by not later than 21 days after the date of issuance of this order,** file a written brief, not to exceed 10 pages, addressing the factual and legal issues relating to mootness.  In his brief, plaintiff shall – at a minimum – address the following issues: (a) whether he has re-applied or intends to re-apply to participate in the MDOC's kosher meal program; (b) if plaintiff has not re-applied or does not intend to re-apply, the reason(s) why; (c) if plaintiff has re-applied, the status and/or result(s) of that renewed application.

2. Defendant the MDOC shall, **by not later than 10 days after service of plaintiff's brief on mootness,** file its own brief in response.

3. Any declarations of fact contained in the parties' briefs shall be supported by affidavit, to the extent that those facts are not already established by the existing record in the action.

4. The briefs filed pursuant to this order shall not repeat arguments made in previous briefs addressing the merits of the underlying dispute.

So ordered this 8th day of September, 2008.

/s/ Wendell A. Miles
Wendell A. Miles, Senior Judge
