UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREG DU JARDINE,

    Plaintiff,

                                                              Case No. 1:07-cv-701

v

                                                              Hon. Wendell A. Miles

MICHIGAN DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE

Greg DuJardine, a Michigan prisoner, filed a complaint in this case alleging that the Michigan Department of Corrections ("MDOC" or "the department") is violating the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 *et seq.*, by denying him participation in the department's kosher meal program. On August 4, 2008, United States Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation ("R & R") recommending that the court grant a motion by the MDOC for summary judgment. After plaintiff filed objections to the R & R, the court issued an order for additional briefing specifically on the issue of mootness. Plaintiff complied with the court's order, while the MDOC instead responded by filing a second "Motion for Summary Judgment" based on mootness (docket nos 28, 29). Plaintiff has filed a motion to strike that filing (docket no. 31). For the reasons to follow, the court denies both motions.

**Discussion**

Plaintiff relies on Fed.R.Civ.P. 12(f)(2) and (g)(2) in support of his motion to strike the MDOC's second motion for summary judgment. However, those rules apply only to pleadings. A motion for summary judgment is not a "pleading" as defined by the Federal Rules. See Fed.R.Civ.P. 7(a) (listing "pleadings" allowed by the rules).

In his motion to strike, plaintiff also argues that the department's second motion for summary judgment is inappropriate under Fed.R.Civ.P. 56 because material facts are in issue, insofar as the department accuses plaintiff of fabricating the documentation he submitted in response to the court's order to demonstrate that his claim is not moot. However, to the extent that the MDOC seeks a ruling on the issue of mootness, its motion implicates jurisdiction, which is addressed not under Fed.R.Civ.P. 56 but instead under Fed.R.Civ.P. 12. See Fed.R.Civ.P. 12(b)(1) (defense of lack of subject-matter jurisdiction may be asserted by motion); Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). When a claim is moot, the court lacks jurisdiction to address it. E.g., Libertarian Party of Ohio v. Blackwell, 462 F.3d 579, 582 (6th Cir. 2006). In considering whether to dismiss a complaint for lack of subject matter jurisdiction, a court may, in appropriate cases, look beyond the jurisdictional allegations in the complaint and consider and weigh conflicting evidence in determining whether subject-matter jurisdiction does not does not exist. Gentek Bldg. Prods., Inc. v. Steel Peel Litigation Trust, 491 F.3d 320, 330 (6th Cir. 2007); see also Kroll v. United States, 58 F.3d 1087, 1092 n. 9 (6th Cir.1995) (district court may consider exhibits presented with motion to dismiss in determining whether it has subject matter jurisdiction over the case).

In its second motion for summary judgment, the MDOC – seemingly somewhat confused – variously seeks summary judgment both because plaintiff's action is moot and because it is not.  See MDOC's Brief in Support of Motion for Summary Judgment for Mootness at 6-7 ("this cause of action is moot"); id. at 7 (dismissal is proper "for lack of mootness").  However, if the action is moot, dismissal without prejudice is proper, but summary judgment is not.  "A court lacks discretion to consider the merits of a case over which it is without jurisdiction."  Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981).  Therefore, a court without jurisdiction over an action based on mootness may only dismiss the action without prejudice.  See Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ( "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Here, certain facts pertinent to plaintiff's alleged re-application to participate in the department's kosher meal program are disputed.  Plaintiff contends that in July, 2008, he requested "re-application" to the kosher meal program and that his request was denied.  With its current motion, the department has submitted affidavits which contradict the authenticity of plaintiff's documentation.   The department argues that these affidavits establish that plaintiff has neither requested nor been rejected for participation in the kosher meal program from February 5, 2007 to the present day.  However, one crucial fact relevant to the issue of mootness does not appear to be in dispute:  that plaintiff has not been granted permission to participate in the kosher meal program.  Under the circumstances, plaintiff's action is not moot, and a non-

merits dismissal is inappropriate.[1]

  Both motions are denied.


  So ordered this 5th day of December, 2008.


             /s/ Wendell A. Miles
             Wendell A. Miles, Senior Judge

---

[1]The department argues that "[t]he only way this case could possibly continue is if Plaintiff can demonstrate that he is somehow prevented from re-applying to the [kosher meal] program." MDOC's Brief in Support of Summary Judgment for Mootness at 3. This argument is wrong, at least insofar as the issue of mootness is concerned. Although plaintiff's action could well become moot if the MDOC allows plaintiff to participate in the program, the mere fact that plaintiff could become eligible to re-apply in the future does not require a dismissal for mootness.