UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREG DU JARDINE,

    Plaintiff,

                                                        Case No. 1:07-cv-701

v

                                                        Hon. Wendell A. Miles

MICHIGAN DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/


ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


       Greg DuJardine, a Michigan prisoner currently confined at the Muskegon Correctional Facility ("MSP"), filed a complaint in this case asserting a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*. DuJardine, who describes himself as a "Torah-Observant Jewish male," alleges that the Michigan Department of Corrections ("MDOC" or "the department") has refused to allow him to participate in the department's kosher meal program. On August 4, 2008, United States Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation ("R & R") recommending that the court grant a pre-answer motion by the MDOC for summary judgment. DuJardine has filed an objection to the R & R.

       The court, having made a *de novo* review upon the record of those portions of the R & R to which specific objection has been made, rejects the conclusion reached by the Magistrate Judge and instead concludes that summary judgment must be denied.

**Discussion**

In his R & R, the Magistrate Judge concludes that plaintiff has failed to demonstrate either (1) a less restrictive method to determine the sincerity of a prisoner's religious beliefs than the periodic review process used by the MDOC, or (2) a burden on his religious exercise under the RLUIPA.  However, the latter issue is not raised by the MDOC in its motion, and the former issue is one of fact, not ripe for summary judgment at this early stage of the action.

At the outset, the MDOC's motion addresses only the question of whether it has a compelling interest in limiting prisoner participation in its kosher meal program.[1]  The sincerity of plaintiff's religious belief, which is a question of fact, is not challenged in the MDOC's motion.  See United States v. Seeger, 380 U.S. 163, 185 (1965) ("the threshold question of sincerity . . . is, of course, a question of fact").  Because plaintiff's sincerity has not been challenged by the MDOC at this point, the court assumes that plaintiff can satisfy this element of his claim.  Moreover, because the department does not contend that plaintiff cannot show that his religious exercise has been substantially burdened, the court likewise assumes that plaintiff can satisfy this element of his case.   Therefore, the burden shifts to the MDOC to show that the burden on plaintiff's religious exercise furthers a compelling government interest and represents the least restrictive means of achieving that compelling interest.  See Spratt v. Rhode Island

---

[1] With its motion, the MDOC has provided a "Statement of Issues" which identifies only two issues: (1) whether the MDOC's operating procedure is a constitutionally legitimate means of determining whether a prisoner holds a sincere belief that his religion requires that he maintain a kosher diet, and (2) assuming that plaintiff has presented a prima facie claim under the RLUIPA, whether limiting access to the kosher meal program furthers a compelling government interest.  Brief in Support of Defendant's Motion for Summary Judgment at I.  As the Magistrate Judge correctly observed in his R & R, plaintiff's complaint does not allege that the MDOC's operating procedure is unconstitutional.  R & R at 9.

Dept. of Corrections, 482 F.3d 33, 38 (1st Cir. 2007) ("Once a plaintiff has established that his religious exercise has been substantially burdened, the onus shifts to the government to show (3) that the burden furthers a compelling governmental interest and (4) that the burden is the least restrictive means of achieving that compelling interest").

In its brief in support of its motion, the MDOC devotes all of one sentence to arguing that its "interview process" is the least-restrictive means of furthering its compelling state interests in limiting participation in the program. See Brief in Support of Defendant's Motion for Summary Judgment at 8. However, this is a fact question. See Murphy v. Missouri Dept. of Corrections, 372 F.3d 979, 989 (8th Cir. 2004) (question of fact existed as to whether department of corrections' decision to ban group worship was the least restrictive means necessary to preserve its security interest); see also United States v. Hardman, 297 F.3d 1116, 1130 (10th Cir. 2002) ("We are aware of only one circuit that has addressed whether 'least restrictive means' . . . is a legal issue, a factual issue, a mixed question of law and fact, or a question of constitutional fact") (footnote omitted). "Moreover, the governmental interest should be considered in light of the prisoner's request and circumstances at the detention facility." Koger v. Bryan, 523 F.3d 789, 800 (7th Cir. 2008); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) ("evaluation of penological objectives is committed to the considered judgment of prison administrators, 'who are actually charged with and trained in the running of the particular institution under examination'") (citation omitted). Here, the MDOC concedes that MCF, where plaintiff currently resides, is a facility which is authorized to provide kosher meals. Defendant's Exhibit 5, Attachment A. The MDOC further concedes that when plaintiff followed the department's procedure for seeking permission to eat kosher meals being served at MCF, that request was

3

denied, and that the sole reason given for the denial was that plaintiff had not waited an entire year since his last request.  Defendant's Exhibit 7C.  This was so, even though plaintiff had in the interim between applications been transferred to a facility which serves kosher meals.  These circumstances hardly establish the absence of a genuine issue of fact regarding whether the MDOC had a compelling interest in denying plaintiff permission to eat meals which were already being served at the facility where he resides.

In his objections to the R & R, plaintiff invokes Fed.R.Civ.P. 56(f), arguing that he needs discovery in order to demonstrate that the denial of his request to participate in the kosher meal program was "arbitrary and capricious" and that other apparently less deserving prisoners have been allowed to eat kosher meals.[2]  Plaintiff has also submitted an affidavit indicating that he hopes, through the discovery process, to obtain documentation that he was singled out for exclusion from the kosher meal program.  Because plaintiff has had no opportunity for discovery, it would be improper to deny plaintiff the ability to have discovery in order to seek proof regarding the department's motives for denying plaintiff's request to participate in the program.  See CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir. 2008) ("Typically, when the parties have no opportunity for discovery, denying the Rule 56(f) motion and ruling on a

---

[2]Rule 56(f) provides as follows:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> **(1)** deny the motion;
> **(2)** order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> **(3)** issue any other just order.

summary judgment motion is likely to be an abuse of discretion").

For these reasons, the court rejects the R & R and denies the MDOC's motion for summary judgment.

So ordered this 23rd day of December, 2008.

>/s/ Wendell A. Miles
Wendell A. Miles, Senior Judge