UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY J. DUJARDINE,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.

                                           /

Case No. 1:07-cv-701

Hon. Robert Holmes Bell

**ORDER**

This matter is before the court on plaintiff's "[miscellaneous] motions and requests for court orders" (docket no. 52), motion requesting appointment of a special master to oversee settlement (titled "motion and request for court ruling and/order") (docket no. 56), and his "request for discovery pursuant to case management order" (docket no. 57).

    **I.**    **Plaintiff's "miscellaneous" motions (docket no. 52)**

    **A.**    **Waiver of discovery costs**

First, plaintiff has asked the court to waive all discovery costs. An indigent plaintiff bears his own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993). "[T]here is no statutory authority for a court to commit federal funds to pay for deposition transcripts." *Id. See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983) (no constitutional or statutory requirement to waive an indigent prisoner plaintiff's costs of discovery); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (the statutory right to proceed *in forma pauperis* does not include the right to obtain copies of court orders without payment therefor); *Rivera v. DiSabato*, 962 F. Supp. 38, 40 (D. N.J. 1997) (*in forma pauperis* prisoner was not entitled to a free transcript of the deposition of him taken

by defendants in a civil rights suit). Accordingly, plaintiff's motion for waiver of discovery costs will be denied.

## B. Appointment of another prisoner as a legal assistant

Plaintiff also seeks appointment of another prisoner, Curwood Price, to provide legal assistance and a sixty-day continuance to allow Price to familiarize himself with this case. Plaintiff states that this is necessary because the Michigan Department of Corrections (MDOC) no longer allows legal assistance agreements between prisoners. *See generally*, MDOC Policy Directive 05.03.116 ¶ N ("[t]o avoid exploitation of prisoners by other prisoners, prisoners are prohibited from directly or indirectly charging or receiving compensation in any form, including in money, goods, or services, for providing legal services to, or obtaining legal services from another prisoner"). This court will not appoint another prisoner to act as plaintiff's legal writer in violation of the policy directive. Accordingly, plaintiff's request to appoint Price as his legal assistant will be denied.[1]

## C. Appointment of counsel

In the alternative to appointing a legal assistant, plaintiff has asked this court to appoint him counsel. Appointment of counsel is within the court's discretion. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). As a general rule, trial courts in the Sixth Circuit do not appoint lawyers in for indigent pro se prisoners in civil rights cases and prisoner grievance-type cases unless extraordinary circumstances exist. *Id.* Such extraordinary circumstances do not exist in this case,

---

[1] Plaintiff apparently does not qualify for the MDOC's Legal Writer Program. *See* Policy Directive 05.03.116 ¶ Q (a prisoner is eligible for the Legal Writer Program if he meets any of the following criteria: does not have a GED or high school diploma; does not speak, read or write English; has a documented physical impairment, mental impairment or learning disability which may affect his ability to use the law library to prepare and file a legible and coherent pleading; is undergoing reception center processing; is housed in any form of segregation other than temporary segregation; and is housed in a Department operated inpatient medical unit)

which involves the MDOC's alleged refusal to allow plaintiff to participate in the kosher meal program. Accordingly, plaintiff's request for appointment of counsel will be denied.

### D. Interlocutory appeal

Plaintiff also requests permission to file an interlocutory appeal with the Sixth Circuit Court of Appeals if this court denies his request for an attorney. Plaintiff is apparently proceeding pursuant to 28 U.S.C. § 1292(b), which provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and (3). *See* W.D. Mich. LCivR 72.1(b), (e) and (f). "[A] magistrate judge, acting pursuant to a reference under § 636(b)(1) or (3), has no authority to issue a dispositive ruling on a motion to certify a district court order for interlocutory appeal under § 1292(b)." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169-70 (6th Cir. 1993). Even if the undersigned had such authority, plaintiff provides no basis to certify this motion for an interlocutory appeal. Accordingly, plaintiff's request will be denied.

### II. Motion to appoint a special master (docket no. 56)

Next, plaintiff has filed a motion seeking the appointment of a United States Magistrate to oversee settlement of this case (docket no. 56). This motion follows other documents filed by plaintiff in which he expressed a desire to resolve this case without proceeding to trial. *See* "Proposed settlement of the case" (docket no. 36) and "Plaintiff's reasons for proposed settlement" (docket no. 37). The court construes plaintiff's motion as one requesting a settlement conference. The time set for completion of discovery has passed. Neither party has filed a dispositive motion.

3

Under the circumstances of this case, the court will deny plaintiff's motion, but leave open the possibility of a settlement conference if both parties indicate such a conference is feasible and likely to lead to final resolution of this matter.

### III. Plaintiff's request for discovery (docket no. 57)

Finally, plaintiff filed a "request for discovery" directed to defendant, which the Clerk's office docketed as a "motion for discovery." This document appears to be a discovery document that was improperly filed in the court. *See* W.D. Mich. LCivR 5.3(a) ("Interrogatories, requests for production or inspection, requests for admissions, and responses or objections shall be served upon other parties, but shall not be filed with the court. Only a proof of service shall be filed with the Court"). This improperly filed "motion for discovery" will be denied.

Accordingly,

**IT IS ORDERED** that plaintiff's combined "miscellaneous motions" (docket no. 52), "motion for discovery" (docket no. 57), and motion for seeking a settlement conference (docket no. 56) is are **DENIED**.


Dated: October 16, 2009                /s/ Hugh W. Brenneman, Jr.
                                       HUGH W. BRENNEMAN, JR.
                                       United States Magistrate Judge