UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY J. DUJARDINE,

      Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

      Defendant.
                                          /

File No. 1:07-CV-701

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion for a bench trial filed by Defendant Michigan Department of Corrections ("MDOC"). (Dkt. No. 71.) In this action, Plaintiff Gregory DuJardine, a prisoner acting *pro se*, alleges that Defendant violated the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1 *et seq.*, by preventing Plaintiff from participating in the kosher-meal program at the facility where he is incarcerated. This action is scheduled for a jury trial on December 14, 2009. For the reasons that follow, Defendant's motion will be granted.

According to Rule 39 of the Federal Rules of Civil Procedure, the Court must try all issues before a jury unless the Court determines that there is no federal right to a jury trial. Fed. R. Civ. P. 39(a)(2). Plaintiff asserts that he is entitled to a jury trial pursuant to the Seventh Amendment and Rule 38 of the Federal Rules of Civil Procedure. The Seventh

Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const., Amend. VII. "The Seventh Amendment [applies] to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194 (1974). Defendant argues that Plaintiff does not have a right to a jury trial under the Seventh Amendment because the only remedy available to Plaintiff is equitable relief. The Court agrees.

According to his complaint, the relief that Plaintiff seeks is that he "be reasonably accommodated[,]" in addition to "such other and further relief as this Court deem[s] just, proper and equitable." (Dkt. No. 1, Compl. at 3.) The Court of Appeals for the Sixth Circuit recently held that the Eleventh Amendment bars claims against the state for monetary relief under RLUIPA. *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009). Thus, to the extent that Plaintiff seeks monetary relief from MDOC pursuant to RLUIPA,[1] this claim is barred by the Eleventh Amendment. Because claims for monetary relief are barred, the only relief available to Plaintiff in this action is equitable relief, *i.e.* an injunction. A party is not entitled

---

[1] Though Plaintiff's complaint does not reference 42 U.S.C. § 1983, Defendant notes that § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). In any event, MDOC is not subject to a claim under § 1983 because it is not a "person" within the meaning of that statute. *Parker v. Mich. Dep't of Corrs.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will v. Mich. Dep't of Corrs.*, 491 U.S. 58, 71 (1989)).

2

to a jury trial under the Seventh Amendment where the only relief available is equitable in nature. *See Fred Lavery Co. v. Nissan N. Am., Inc.*, 99 F. App'x 585, 592 (6th Cir. 2004) ("The Seventh Amendment preserves the right to trial by jury in lawsuits involving legal, not equitable, rights. . . . Because [plaintiff's] claims seek only equitable relief, the Seventh Amendment does not give the company a right to a jury trial.") (citing *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996)). Moreover, the Federal Rules of Civil Procedure "preserve" a party's right to a jury trial afforded by the Seventh Amendment or by federal statute; they do not independently guarantee a right to a jury trial. *See* Fed. R. Civ. P. 38(a). Therefore, the Court finds that Plaintiff is not entitled to a jury trial in this action. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a bench trial (Dkt. No. 71) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action will be tried as a bench trial on December 14, 2009.


Dated: November 17, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE